IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE VOGELSANG,

    Plaintiff,                         No. CIV S-06-2083 JAM DAD P

    vs.

JAMES E. TILTON, et al.,         <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Before the court is defendants' June 6, 2008 motion to dismiss the case on the ground that plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff has filed a timely opposition. Defendants have not filed a reply.

**BACKGROUND**

        Plaintiff challenges the constitutionality of a policy that only allows him to keep two appliances in his cell. First, plaintiff claims that the two-appliance policy violates the Equal Protection Clause because he is allowed no more than two appliances in his cell while a female inmate is allowed three appliances in her cell as long as one is a hair care appliance. Plaintiff contends that he would like to use his electric razor, but he has been told that he must donate, destroy, or send it home at his own expense. (Compl. at 1-4.)

1

1    Plaintiff also claims that the two-appliance policy violates the Due Process Clause
2 because he is no longer able to keep his legally-owned property.  In this regard, plaintiff alleges
3 that prison officials took three games away from him as a result of the new policy.  In addition,
4 plaintiff alleges that hot-pots and fans should be exempt from the policy because they are a
5 medical necessity for some inmates.  For example, plaintiff alleges that Mule Creek State Prison
6 does not have air conditioned cells and inmates who are part of the mental health delivery system
7 are extremely heat sensitive as a result of their medications.  Plaintiff also alleges that hot-pots
8 are necessary to heat food and boil water if the water is contaminated. (Compl. at 5-9 & 10-12.)
9    Plaintiff seeks an injunction prohibiting implementation of the two-appliance
10 policy, requiring prison officials to re-write the policy to allow male inmates the same number of
11 appliances as female inmates, allowing for medical necessity exemptions for certain inmates and
12 ordering prison officials to articulate new guidelines to allow prisoners to come to terms with the
13 two-appliance policy through attrition.  (Compl. at 4, 8-9 & 12).

**DEFENDANTS' MOTION TO DISMISS**

15 I. <u>Defendants' Motion</u>

16    Defendants argue that plaintiff's complaint should be dismissed because his
17 request for injunctive relief under the Equal Protection Clause has been rendered moot, and his
18 claim under the Due Process Clause fails to state a cognizable claim for relief.  (Defs.' Mot. to
19 Dismiss at 1.)

20    First, defendants argue that, under the revised inmate property schedule, both male
21 and female prisoners are allowed to possess three electrical appliances as well as battery-operated
22 fans and razors.  Defendants maintain that there is no existing disparity in the number of
23 appliances male and female prisoners may keep in their cells.  In this regard, defendants contend
24 that the facts fatally undermine plaintiff's claim and render his request for injunctive relief moot.
25 (Defs.' Mot. to Dismiss at 4 & 7-8.)
26 /////

1    Defendants also argue that plaintiff has no cognizable property interest in
2 maintaining personal possessions within a California prison. Specifically, defendants argue that
3 state regulations have vested wardens and superintendents with the right to control a prisoner's
4 possession of personal property within their institutions. A prisoner may only possess those
5 items permitted by institutional policy, and when a prisoner comes to possess personal property
6 barred by institutional policy, he must send it home at his expense, donate it to a charitable
7 organization, or donate it to the institution. In the alternative, defendants argue that, even if
8 plaintiff has a cognizable property interest at stake, due process protects prisoners only from
9 conditions constituting an "atypical and significant hardship on the inmate in relation to the
10 ordinary incidents of prison life." Defendants maintain that regulating a prisoner's possession of
11 property presents neither an atypical nor significant hardship. (Defs.' Mot. to Dismiss at 6-7.)

12    For the foregoing reasons, defendants conclude that the court should grant their
13 motion to dismiss and dismiss this action in its entirety. (Defs.' Mot. to Dismiss at 9.)

14 II.  Plaintiff's Opposition

15    In opposition, plaintiff argues that although the California Department of
16 Corrections and Rehabilitation (CDCR) rewrote its policy to allow male and female inmates to
17 possess the same number of appliances after he filed his complaint, his claims should not be
18 dismissed. Specifically, plaintiff argues that he has a cognizable interest in the property CDCR
19 previously allowed him to purchase. Plaintiff argues that CDCR does not have the right to
20 "steal" his property by labeling it contraband simply because the property no longer meets CDCR
21 guidelines or regulations. According to plaintiff, his right to property does not abate because of
22 changes in policy. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 2-4.)

23 III. Legal Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

24    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
25 Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720
26 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

**ANALYSIS**

I. Plaintiff's Fourteenth Amendment Equal Protection Clause Claim

Plaintiff's claim under Equal Protection Clause of the Fourteenth Amendment has been rendered moot and therefore it should be dismissed. "Mootness is like standing, in that if it

turns out that resolution of the issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded." Smith v. Univ. of Washington Law School, 233 F.3d 1188, 1193 (9th Cir. 2000). "Where the activities sought to be enjoined already have occurred, and the . . . courts cannot undo what has already been done, the action is moot, and must be dismissed." Bernhardt v. County of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002). See also Demery v. Arpaio, 378 F.3d 1020, 1025-26 (9th Cir. 2004) ("[A] suit for injunctive relief is normally moot upon the termination of the conduct at issue[.]"); David v. Giurbino, 488 F. Supp. 2d 1048, 1056 (S.D. Cal. 2007) (request for injunctive relief from regulation requiring inmates to keep hair no longer than three inches rendered moot in light of revision allowing inmates to keep hair at any length).

Here, plaintiff seeks injunctive relief with respect to a prison policy that has been modified since he filed his complaint. Both parties agree that, under the revised policy, male and female inmates are allowed to possess three electrical appliances. Plaintiff's claim for injunctive relief on his equal protection claim is therefore moot unless it falls within the exception to the mootness doctrine. The exception applies when "(1) the challenged action was too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." First National Bank of Boston v. Bellotti, 435 U.S. 765, 774 (1978). See also Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (prisoner's claim for adequate access to law library was rendered moot upon his transfer and did not fall under the two-prong exception to mootness doctrine);Wiggins v. Rushen 760 F.2d 1009 (9th Cir. 1985) (where prisoner was no longer subjected to prison officials' allegedly unconstitutional activity, the complaint for injunctive relief became moot); Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977) ("A mere speculative possibility of repetition is not is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied."); 1A C.J.S. Controversies Capable of Repetition Yet Evading Review § 82 (2008) (cases satisfying

the mootness exception include those involving issues of abortion, elections, residency requirements, benefits, and preadjudication detention).

Plaintiff has not demonstrated that his equal protection claim falls into the category of cases that satisfy the "capable of repetition, yet evading review" exception. Under the first prong of that exception, a prisoner's claim that prison officials or prison policies violate his right to equal protection under the law is not one that will evade review. Under the second prong, plaintiff has not demonstrated a reasonable expectation that prison officials will deny him his right to possess three electrical appliances. Accordingly, plaintiff's claim under the Equal Protection Clause should be dismissed.

II. Plaintiff's Fourteenth Amendment Due Process Clause Claim

Plaintiff's claim under the Due Process Clause is not cognizable, and therefore should also be dismissed. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). See also Estrella v. Woodford, No. 1:05-cv-01321-OWW-SMS (PC), 2008 WL 4492356, *7 (E.D. Cal. Oct. 2, 2008) (dismissing complaint and concluding that the plaintiff did not have a property interest in his prison job); Martin v. Hurtado, Civil No. 07cv0598 BTM (RBB), 2008 WL 4145683, *13 (S.D. Cal. Sept. 3, 2008) ("Plaintiff's Complaint fails to state a procedural due process claim because the deprivation of his television does not pose an atypical and significant hardship when compared to the ordinary incidents of prison life.") Owens v. Ayers, No. C 01-3720 SI, 2002 WL 73226, *2 (N.D. Cal. Jan. 15, 2002) (dismissing prisoner's property claim under both Sandin and pre-Sandin analysis). Here, CDCR's restriction on the number of appliances plaintiff may keep in his cell does not impose an atypical or significant hardship in relation to the ordinary incidents of prison life. See Steffey v. Orman, 461 F.3d 1218 (10th Cir. 2006) (summary judgment for defendants affirmed on the grounds that prison officials'

restriction on inmates' ability to receive money from outside sources was not a typical or significant hardship); Cosco v. Uphoff, 195 F.3d 1221, 1224 (10th Cir. 1999) (dismissing due process challenge to new policy limiting amount of property state prisoners could keep in their cells). Accordingly, plaintiff's claim under the Due Process Clause should be dismissed.[1]

**OTHER MATTERS**

Pursuant to Rule 201(b) of the Federal Rules of Evidence, defendants have requested that the court take judicial notice of Exhibits A and B attached to their motion to dismiss. Exhibit A is a copy of Article 43, section 54030 of the DOM (revised Dec. 2005), and Exhibit B is CDCR's inmate property schedule (revised August 2007).

Judicial notice of adjudicative facts is appropriate with respect to matters that are beyond reasonable dispute in that they are either generally known or capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201 and advisory committee notes. Defendants' request for judicial notice is unnecessary and it will therefore be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that defendants' June 6, 2008 requests for judicial notice are denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' June 6, 2008 motion to dismiss (Doc. No. 19) be granted; and

2. This action be closed.

/////

---

[1] To the extent that plaintiff claims that the previous two-appliance policy had an adverse impact on inmates with medical needs, he has no standing to assert such claims. See U.S. Const., art. III. To satisfy the standing requirement, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, (2) the injury is fairly traceable to the challenged action of the defendants, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, plaintiff does not and cannot allege that he suffered an injury in fact as a result of the previous CDCR policy.

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: November 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
voge2083.57